UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | | |
|---|---|---|
| PATRICIA JETTER, as Representative of the Estate of John W. Jetter, | * * * | CIVIL ACTION NO.: |
| Plaintiff, | * * | SECTION: |
| -vs- | * * | MAGISTRATE: |
| SERVICIO MARINA SUPERIOR, LLC, CHM MARITIME S.A.P.I. De C.V., and CASHMAN EQUIPMENT CORP., | * * * * | JUDGE: |
| Defendants. | * * | JURY TRIAL DEMANDED |

## **COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through undersigned counsel, complaining against Defendants as follows:

1. Territorial jurisdiction and venue properly lie in this action, Defendant Cashman Equipment Corp.(Cashman) does business in this district Defendant, Servicio Marina Superior LLC (Servicio), is a Louisiana corporation, and Defendant CHM Maritime S.A.P.I. De C.V. (CHM) having, at a minimum, national contacts.

2. Federal Question Jurisdiction is posited on the Jones Act (46 USCA 30104) for wrongful death, against Servicio with supplemental jurisdiction existing against Sevicio for wrongful death and survival under the general maritime law and against co-Defendants for general maritime law negligence and breach of maritime contract.

3. Plaintiff is - or is soon to be - the personal representative or administrator of the

1

Estate of - her decedent/ late husband - John W. Jetter.

4.     At all times material to issues herein, decedent served as a Servicio employee and crewmember aboard Servicio's vessels the T/V OCEAN RAIDER 17, which vessel was being operated in conjunction with Barges JMC2508 and CBR794.

5.     The aforesaid vessels were additionally crewed by CHM employees, both CHM and Servicio being under the direction and control of Cashman as agents in a joint venture/enterprise given rise to by the overall project being undertaken with CHM and Servicio as Cashman's agents and/or alter egos.

## COUNT I

### NEGLIGENCE/UNSEAWORTHINESS

6.     Plaintiff incorporates all allegations heretofore made as if fully rewritten herein.

7.     As decedent's employer, Servicio owed him a duty to exercise reasonable care and provide him a safe place to work under the Jones Act (46 USCA 30104), and as owner of the aforesaid vessels, owed him as warranty of seaworthiness. Co-Defendants owed decedent a duty to exercise reasonable care either under the general maritime law, at a minimum, or Jones Act - if corporate veil is pierced - and the seaworthiness obligation if the corporate veil is pierced.

8.     On or about December 12, 2012, decedent was in the course of his employment when while returning to the vessel(s) from a shore leave that he should not have had to take he met his demise as he went into the drink while attempting to board the aforesaid vessel(s), all because of one or more of the following derelictions occasioned by one or more Defendants:

>  a.     Failure to procure for decedent those items that he had to go ashore to purchase as they should have been so procured pursuant to one or more Defendants' policies of procurement;

2

    b.    Failure to properly escort decedent back to the vessel on an unfit, obstructed dock;

    c.    Failure to properly illuminate from the vessel the dock area decedent was required to traverse in reaching the vessel:

    d.    Failure of the vessel officers to abide by a zero tolerance policy;

    e.    Failure to provide a reasonable and safe dock and/or gangway or other means of ingress to the vessel;

    f.    Failure to abide by the rule of no personnel to go ashore;

    g.    Failure to inspect, maintain and provide a dock not permeated with obstructions, vegetation, unevenness and darkness

    h.    Failure of the project manager in Braintree, MA, to exercise reasonable care in the management of CHM;

    i.    Failure to eliminate the gap between the dock and barge boarding;

    j.    Failure to provide a safe place to work.

9.    The aforesaid derelictions, jointly and severally, constitute a failure (1) to provide a Safe place to work, (2) to exercise reasonable care, and/or (3) to provide a seaworthy vessel.

10.    The unseaworthy parameters of Defendants' liability aforesaid and general maritime Law negligence were occasioned in a willful, reckless manner thereby giving rise to an entitlement of the Estate to punitive damages and/or loss of society and companionship.

## COUNT II

## BREACH OF WARRANTY OF WORKMANLIKE SERVICE

11.    Plaintiff incorporates all allegations heretofore made as if fully rewritten herein.

12.    Cashman and/or CHM had an implied or express contract with Servicio under the auspices of which said co-Defendants were to act in conjunction with decedent, a third party beneficiary, as Servicio's employee, with regard to which said co-Defendants warrantied that their

services would be undertaken in a safe, fit and workmanlike manner, which obligation was breached in the particulars noted in paragraph 8 above.

## DAMAGES

13. Defendants' breaches of obligations aforesaid caused or contributed to the Estate's damages, inter alia, as follows:

   a   Pain and suffering prior to death;

   b   Loss of support, earnings, inheritance, services and guidance;

   c   Loss of society and companionship because of the unseaworthiness aforesaid; and breach of implied warranty.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury in this matter.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendants, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

Respectfully submitted:

O'BRYAN BAUN KARAMANIAN
DENNIS M. O'BRYAN (P30545)
Trial Counsel for Plaintiff
401 S. Old Woodward, Suite 450
Birmingham, MI  48009
(248) 258-6262
(248) 258-6047 - fax
dob@obryanlaw.net

and

/s/ Philip Bohrer
PHILIP BOHRER (#14089)
Local Counsel
Bohrer Law Firm
8712 Jefferson Hwy., Ste. B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225)231-7000
Email: phil@bohrerlaw.com