UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| PATRICIA JETTER, as representative of the estate of John W. Jetter | CIVIL ACTION |
|---|---|
| VERSUS | NO. 14-585 |
| SERVICIO MARINA SUPERIOR, LLC, CHM MARITIME S.A.P.I. De C.V., and CASHMAN EQUIPMENT CORP. | SECTION "N" (3) |

**ORDER AND REASONS**

Now before the Court are the following motions: (1) defendant CHM Maritime S.A.P.I. C.V.'s ("CHM") "Motion to Disimiss Plaintiff's Complaint"(Rec. Doc. 9) and (2) Patricia Jetter's, as representative of the estate of John W. Jetter, ("Jetter") "Motion to Transfer" (Rec. Doc. 19). For the reason stated herein, **IT IS ORDERED** that the motion to dismiss (Rec. Doc. 9) is hereby **GRANTED** and plaintiff's claims against defendant CHM are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to transfer (Rec. Doc. 19) is hereby **GRANTED** and the matter shall be transferred the United States District Court for the District of Massachusetts.

**1. Defendant CHM's Motion to Dismiss**

CHM moved to dismiss Jetter's claims under Rule 12(b)(4), 12(b)(5), and 12(b)(2) of the Federal Rules of Civil Procedure. (Rec. Doc. 9). CHM has since waived service of process; therefore, the only remaining issue is whether CHM is subject to personal jurisdiction in this Court under Rule 12(b)(2). (*See* Rec. Doc. 18-3, Exhibit B). CHM contends that it is not subject to

personal jurisdiction, general or specific, in this Court. (Rec. Doc. 9). However, Jetter argues in her opposition that CHM is subject to jurisdiction under Fed. R. Civ. P. 4(k)(2). (Rec. Doc. 18 at p. 3).

Rule 4(k)(2) provides that for claims arising under federal law, serving a summons or waiving service establishes personal jurisdiction over the defendant if: (A) the defendant is not subject to general jurisdiction in any state and (B) exercising jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4. Personal jurisdiction can be established if: "(1) Defendants' contacts with the United States are continuous and systematic (for general jurisdiction) or gave rise to this cause of action (for specific jurisdiction)." *Stutzman v. Rainbow Yacht Adventures Ltd.*, 3:06-CV-0300-K, 2007 WL 415355 (N.D. Tex. Feb. 7, 2007) aff'd, 265 F. App'x 402 (5th Cir. 2008). Notably, Jetter does not argue that CHM is subject to personal jurisdiction in Louisiana or Massachusetts under the traditional state long-arm statutes nor does Jetter contend that CHM is subject to specific jurisdiction under Rule 4(k)(2).[1] (*See* Rec. Doc. 18 at p. 4). Therefore, the Court does not address whether personal jurisdiction exists over CHM on those grounds and only analyzes Jetter's argument that CHM is subject to general jurisdiction due to its continuous and systematic contacts with the United States as a whole.

In *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413 (5th Cir. 2001), the Fifth Circuit declined to find continuous and systematic contacts with the United States when the defendant (1) had a bank account in the U.S.; (2) sent employees to a conference in the U.S. every year; and (3) purchased spare parts and vessels in the U.S. *Id*. at 421. The contacts alleged in this case are even weaker than those seen in *Submersible Systems*. For instance, Jetter alleges that

---

[1] Jetter does state that "jurisdiction would definitely exist in Massachusetts," but does attempt to prove its claim, and instead relies on Rule 4(k)(2) and CHM's contacts with the United States as a whole to establish personal jurisdiction.

three of CHM's board members live in Massachusetts and have held an unspecified number of board meetings there, CHM contracted with two U.S. companies[2] for seven finance leases concerning U.S. vessels used in its Mexico operations and those leases were signed in Massachusetts, and CHM took possession of the barge at issue in this case in or somewhere very close to Amelia, Louisiana. (Rec. Doc. 18). Jetter asserts that, because CHM conducts some corporate governance and several "important" documents were entered into and signed in the United States, general jurisdiction exists under Rule 4(k)(2).

However, CHM is a Mexico corporation conducting its daily operations there. It negotiates its contracts with Servicio and Cashman in Mexico. (Rec. Doc. 21 at p. 8). CHM does not have any employees, bank accounts, or property in the U.S. (Rec. Doc. 28 at p. 6). CHM's board has met in many locations around the world. (Rec. Doc 18-2, Exhibit A at p. 7-8). Therefore, the Court finds that CHM's contacts with the United States are not "continuous or systematic"sufficient to give rise to personal jurisdiction in this case.

**2. Plaintiff's Motion to Transfer**

Jetter has moved to transfer this matter to the District Court for the District of Massachusetts. (Rec. Doc. 19). CHM opposed this motion. (Rec. Doc. 21). Neither Servicio nor Cashman filed oppositions. Pursuant to 28 U.S.C. § 1404(a), a court may, "[f]or the convenience of parties and witnesses, in the interest of justice... transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404. A district court, when ruling on a transfer motion, must first decide if the venue sought is one where the action "might have been brought." *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). The court must next consider whether the

---

[2] The two companies alleged, Servicio Marina Superior ("Servicio") and Cashman Equipment Corp. ("Cashman"), are co-defendants in this case.

"convenience of the parties and witnesses, in the interest of justice[,]" requires the court to transfer the action. *Id*. Courts are directed to look at both private and public interest factors when determining convenience. The private factors include: (1) the ease of access to sources of proof; (2) the availability of witnesses' attendance; (3) the witnesses' cost of attendance; and (4) all other practical problems that make trial easy, expeditious, and inexpensive. *Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 678 (E.D. Tex. 2006). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application." *Id*.

First, the Court finds that this case could have been brought in the requested venue because Servicio and Cashman concede that both companies have principal places of business in Massachusetts (*See* Rec. Doc. 19-1 citing Rec. Doc. 18-2, Exhibit A at p. 15 and Rec. Doc. 9-6, Exhibit E), and, thus, the Court finds that both would certainly be subject to personal jurisdiction in Massachusetts. On the other hand, Jetter's claims against CHM have been dismissed without prejudice as ordered herein. Therefore, if Jetter wishes to pursue claims against CHM, she will have to refile and demonstrate that personal jurisdiction exists over that particular defendant in the Massachusetts court.

Second, the Court finds that transfer to the District Court for the District of Massachusetts serves the convenience of the parties and witnesses because, as mentioned, both defendants Servicio and Cashman have their principal places of business in Massachusetts, and, while not specifically alleged, the Court assumes that the documents and witnesses relevant to this case would more likely

4

exist in Massachusetts than here in Louisiana.  *Id*.  In addition, neither of the remaining defendants has objected to transfer to that district.  After carefully weighing the private and public interest factors applicable in this case, the Court deems transfer to the United States District Court for the District of Massachusetts appropriate.

Accordingly, for the reasons stated herein:

**IT IS ORDERED** that, the motion to dismiss (Rec. Doc. 9) is hereby **GRANTED** and the claims against defendant CHM are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to transfer (Rec. Doc. 19) is **GRANTED** and the matter shall be **TRANSFERRED** to the United States District Court for the District of Massachusetts.

New Orleans, Louisiana, this 22nd day of September 2014.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**